## Case No. 2,499.

CASHAU v. NORTHWESTERN NAT. INS. CO.

[5 Biss. 476.] [1]

Circuit Court, E. D. Wisconsin. Oct. Term, 1873.

INSURANCE—NOTICE AND PROOFS OF LOSS—SERVICE OF COPY — PROOF OF LOSS — LIABILITY OF RE-INSURER.

1. The condition in a policy of re-insurance, that all persons having a claim in case of loss shall proceed at once to give immediate notice and render a particular account of the loss, etc., means that the notice and schedule must be served in a reasonable time under the circumstances.

2. The service of copies of proofs of loss and of notice, etc., upon the re-insurer is sufficient if not objected to at the time.

3. The condition in a policy of re-insurance, that in case of loss the re-insurer shall pay pro rata at and in the time and manner as the re-insured, means that the re-insurer shall have all the advantages of the time and manner of payment specified in the policy of the re-insured. It has no reference to the insolvency of the re-insured.

The Fulton Fire Insurance Company of New York, insured Simpson, Norwell & Co. against loss or damage by fire, to the amount

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

of $5,000, on a stock of goods in their store in Chicago, for the term of one year from the 21st of October, 1870; and the defendant company on the same day re-insured the Fulton Fire Insurance Company in the same amount. The conditions of the policy issued by the defendant company were, "That the loss be paid immediately after due notice and satisfactory proof of the same, and in no event shall this company be liable for a sum greater than such portion hereby insured bears to the whole sum insured by the company re-insured. And in case of loss this company shall pay pro rata at and in the same time and manner as the company re-insured. And all persons having a claim under this policy shall proceed at once to put the property in the best order, and give immediate notice and render a particular account thereof in writing under oath, stating the time, origin and circumstances of the fire." On the 9th of October, 1871, and while the policy was in force, the insured goods were destroyed by fire. The Fulton Company was made insolvent by that fire, and a receiver was appointed and qualified on the 16th of October. Proof of loss was made November 9th, with schedule of adjustment, showing loss at $4,689.66, and was served on the receiver of the Fulton Company December 8th. January 22d, 1872, the receiver of the Fulton Company addressed a note to the defendant company, enclosing proofs of loss, the receipt of which was acknowledged by the secretary of defendant, January 27, 1872, without objection. December 29, 1871, notice of service of proofs on the Fulton Company, and that the defendant is held liable, were served on Alexander Mitchell, the president of the defendant company, and their receipt was acknowledged by the secretary, January 4, 1872. The Fulton Company had paid the insured twenty per cent. on the loss. No objection had been made to the service of copies of the proofs and adjustment. The jury under instructions from the court found a verdict for the plaintiff [John Cashau], who sued as assignee of the receiver of the Fulton Company, for the amount at which the loss had been adjusted, with interest. The defendant's counsel moved for a new trial.

Finches, Lynde & Miller, for plaintiff.

Palmer & Hooker, for defendant.

MILLER, District Judge. The motion for a new trial is founded upon three points:

1. The notice and proof were not given in time, and are not such as the defendant's policy calls for.

2. They do not purport to be originals, but are copies.

3. The defendant is not liable to pay the whole amount adjusted, but only a pro rata.

The receiver of the Fulton Company, gave the defendant the copies of the notice and proofs which he had received from the agent in Chicago. The secretary of the defendant

company acknowledges the receipt of the copies without making objections as to the time or manner of the service, and not making demand for the originals. I think. that under the delay necessarily arising out of and connected with the insolvency of the Fulton Company, the service of copies of notice and proofs of the loss—particularly in the absence of objections on the part of the defendant— should be adjudged to have been given in time, and to be a substantial compliance with the condition of the defendant's policy. New York Bowery Fire Ins. Co. v. New York Fire Ins. Co., 17 Wend. 357; O'Neil v. Buffalo Fire Ins. Co., 3 Comst. [3 N. Y.] 122. Due good faith requires that objections to proof, etc., be pointed out. Aetna Fire Ins. Co. v. Tyler. 16 Wend. 385; Fland. Ins. 563– 566, and cases there cited. The word "immediate" must mean a reasonable time under the circumstances.

The contract of re-insurance is one of indemnity between the insurer and the re-insurer. It has no connection with the insured, except in the nature of a surety in equity. The re-insurer may discharge its liability by paying the amount of the policy to the insured, as owner of the property insured, or to the re-insured. The financial condition of the re-insured is not to be taken into account in the computation of the amount to be paid on the policy of re-insurance. The insolvency of the original insurer is no defense, in whole or in part, to a suit against the re-insurer. It is claimed on the part of the defendant that the condition in its policy is an exception to this position of the law. The amount of per centage paid by the receiver of the Fulton Company to the original insured has no relation to or connection with the defendant's liability under the policy of re-insurance. The condition in that policy, that "in case of loss the company shall pay pro rata at and in the same time and manner as the re-insured," cannot mean that in case of the insolvency of the Fulton Company the defendant shall only be obliged to pay the pro rata of the dividends of the assets of said company, upon the claim of the first insured. It cannot have such application. The condition means that the defendant shall pay at and in the same time and manner as the re-insured company shall pay or be bound to pay according to its policy, and that the defendant shall have all the advantages of the time and manner of payment specified in the policy of the Fulton Company—otherwise the defendant's policy would not be the contract of indemnity intended, and endless litigation might ensue. New York Marine Ins. Co. v. Protection Ins. Co. [Case No. 10,216]; Carrington v. Commercial Fire & Marine Ins. Co., 1 Bosw. 152; Fland. Ins. 32, 33, and notes; In re Republic Ins. Co. [Case No. 11,705].

The motion for a new trial is overruled.

NOTE [from original report]. See further where notice is to be given forthwith. Beatty v. Lycoming Co. Mut. Ins. Co., 66 Pa. St. 9. As to what is a waiver of conditions in regard to the furnishing of proofs of loss, etc., see Cahill v. Andes Ins. Co. [Case No. 2,289], and cases there cited. For a full collection of authorities on liability of re-insurer, consult Ex parte Norwood [Case No. 10,364].