## THE FIRST NATIONAL BANK OF DECORAH v. HAUG.

1. **Contract**: TIME OF PERFORMANCE: REASONABLE TIME. Where a contract provided that the plaintiff should bring suit immediately upon a certain note, but time was not expressly made of the essence of the contract, it was held that it should be construed to give the plaintiff a reasonable time within which to bring such suit, and that the burden was upon the defendant, who alleged a failure to comply with the provision as to time, to show that his rights had been prejudiced by the delay.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, DECEMBER 9.

ACTION on a promissory note. Trial to the court, judgment for the defendant, and plaintiff appeals.

*M. P. Hathaway*, for appellant.

*Brown & Wellington*, for appellee.

SEEVERS, J.—The defendant pleaded that at the time the note was given, and as a part of the same transaction, the parties executed the following instrument in writing:

"It is hereby agreed by and between The First National Bank of Decorah, Iowa, and J. J. Haug, of Spillville, Iowa, as follows: The First National Bank, aforesaid, hereby assigns to said J. J. Haug their judgment against Rudolph and Christine Pfuminger, in Circuit Court, Winneshiek county, Iowa, dated May 10th, 1875, for $192.50 and costs, and their note made by said Rudolph and Christine Pfuminger, $70.75; date, Oct. 8th, 1870; due, 30 days; 10 per cent interest. As consideration of such assignment, said J. J. Haug gives his note

of even date herewith for $348.78, due one year from date, bearing ten per cent interest. It is further agreed that said First National Bank shall immediately sue said $70.75 note, and if upon trial it shall appear that said note has been paid, then the amount thereof shall be allowed as a credit upon said note of said J. J. Haug for $348.78, of even date herewith as aforesaid; but if it shall appear that said $70.75 note is not paid, then said J. J. Haug shall pay said note of $348.78, being same date herewith, in full, when due, according to its terms."

Because the plaintiff did not bring suit on the $70.75 note immediately after the execution of the said agreement the defendant claimed to be discharged from the payment of the note sued on to that extent, and this is the only question to be determined.

There was a finding of facts by the court in the form of questions and answers. Those deemed material are as follows:

"5th. Did plaintiff sue the note in said agreement within the time mentioned in said agreement?

"*Answer.*—No.

"6th. Did the plaintiff at the time the agreement was executed understand that the reason why plaintiff desired the condition that the note should be sued immediately was that it would give defendant an opportunity to indemnify plaintiff in case a judgment was rendered against the maker of the note?

"*Answer.*—Yes.

"7th. What time was said note sued?

"*Answer.*—In January, of 1877.

"8th. Was the defendant injured in consequence of the neglect to sue the note in question within a reasonable time after the execution of the agreement?

"*Answer.*—I don't know. He might have been.

"9th. If the note had been sued within a reasonable time, could defendant have protected himself from loss?

"*Answer.*—He might; it is uncertain."

It is evident the court must have held that it was immaterial whether the defendant had been damaged by the failure to bring suit on the $70.75 note immediately after the writing

was executed, or that the burden was on the plaintiff to show that the defendant had not been damaged by such failure. The time within which suit was to be brought was not made the essence of the contract. If the parties had so intended they undoubtedly would have so. said. It was not intended the suit should be brought the instant the contract was executed. The word "immediately" should be construed to mean within a reasonable time, or as soon thereafter as it could be conveniently done. It was not, therefore, intended if the suit was not brought the instant the contract was executed the defendant should be discharged from the payment of the note to that extent. If the defendant was not discharged by the failure to bring the suit instantly he was not so discharged by the failure to do so at any particular point of time thereafter. This being true, it necessarily follows that the defendant is not discharged at all unless he has been damaged. There is not, and cannot be, we think, a fixed and precise standard of what constitutes a reasonable time. It is said: "The true rule must be that that is a reasonable time which preserves to each party the rights and advantages he possesses, and protects each party from losses which he ought not to suffer." 2 Parsons on Contracts, 661, 662. If, then, the maker of the $70.75 note was insolvent at the time the agreement was executed, or if it does not appear that the defendant has suffered a loss by the failure to bring suit, how can it be said he has been damaged? By reason of the failure to sue, the defendant asserts he has been damaged to the full amount of the $70.75 note. This is an affirmative fact, and the burden usually rests on him who asserts it. To this rule there may be exceptions, but if so they are rare, and depend upon a peculiar state of facts which do not exist here. It may be, however, the defendant was entitled to such damages as the law would imply.

If the defendant be regarded as a guarantor of the $70.75 note he would still be required to show he was damaged by the plaintiff's failure to sue. *The Second National Bank of Rockford v. Gaylord*, 34 Iowa, 246.

REVERSED.