[No. 11118.   Department Two. — May 22, 1888.]

CITY AND COUNTY OF SAN FRANCISCO, AP-
PELLANT, v. HALL MCALLISTER ET AL., RESPOND-
ENTS.

PUBLIC OFFICERS — INDEMNITY BOND GIVEN BY DEPUTY — SAN FRANCISCO —
    DEFAULT OF PRINCIPAL. — A bond of indemnity executed to the sheriff
    of the city and county of San Francisco by his deputy is the property of
    the sheriff, and any recovery had thereon on account of the deputy's de-
    fault belongs to him.   The city and county has no interest therein supe-
    rior to that of any other creditor of the sheriff, nor is it entitled, upon
    his default, to be subrogated to his rights in the bond given him.   And
    this is so, although the default of the deputy consisted in his failure to
    pay over moneys for which the sheriff was accountable to the city and
    county.   For any default of the sheriff, the remedy of the city and
    county is on his official bond.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

George Flournoy, Jr., and John L. Love, for Appellant.

McAllister & Bergin, for Respondents.

THORNTON, J. — Defendant Matthew Nunan was for
two terms, covering a period extending from the first
Monday in December, 1875, to the first Monday in
December, 1879, the sheriff of the city and county afore-
said.   He executed for this period the usual official
bonds, with sureties.   During the same period Gideon
M. Berry was a deputy of said Nunan, sheriff, appointed
by him, to act as book-keeper, and was charged inter alia
with the receipt of certain moneys for his principal.   He
became a defaulter with regard to these moneys.   Nunan
had required of him a bond with sureties for the faithful
discharge of his duties of deputy and book-keeper.   The
sureties to this bond are defendants James Adams and
Samuel Platshek.   Berry's default was covered by this
bond, and suit was brought on it by Nunan, and judg-

ment recovered by him against the sureties for the sum of $13,108.32. This judgment was on the 3d of March, 1883, assigned by Nunan to the defendants McAllister and Bergin, for a sum of money due them by him, for services rendered him as attorneys and counselors at law. It appears that a portion of the moneys for which Berry defaulted was for commissions and fees collected by him for his principal, and which it was the duty of Nunan as sheriff to pay into the treasury of the city and county above named.

McAllister and Bergin notified Adams and Platshek of the assignment by Nunan of the above-mentioned judgment to them, and filed it with the papers in the action of Nunan against Adams and Platshek.

The plaintiff herein, on the 21st of July, 1881, commenced an action on his official bonds against Nunan and the sureties thereon, in the superior court of the city and county of San Francisco, to recover a portion of the commissions and fees above mentioned; and on the 9th of February, 1885, commenced another action on his official bonds against Nunan and the sureties thereon, to recover another portion of the commissions and fees above mentioned.

On the 9th of February, 1885, the plaintiff caused writs of attachment to be issued in the actions just mentioned, which were by Peter Hopkins, sheriff of the city and county aforesaid, duly served on Adams and Platshek, the judgment debtors above mentioned, with a notice that the moneys in their hands belonging to Nunan, and debts due by them to the same, were attached in pursuance of the writs so served. Adams and Platshek refused to pay the sheriff the moneys due upon the said judgment, and informed him of the notice to them of the assignment of the judgment to McAllister and Bergin.

McAllister and Bergin on the eleventh day of February caused a writ of execution to be duly issued on the

judgment to them, and is about to collect the moneys due on the judgment.

Plaintiff asks for an injunction to restrain the collection of the money due on this judgment, and that Adams and Platshek be required to pay it into court.

The court refused the injunction, and rendered judgment in favor of defendants.

McAllister and Bergin were the assignees of the judgment against Adams and Platshek prior to the issuance and levy of the writs of attachment sued out by the plaintiff.

The bond on which suit was brought by Nunan against the sureties of Berry was the property of Nunan and the recovery belonged to him. He could use it to pay his creditor. In the absence of any intent to hinder, delay, or defraud the plaintiff herein, by Nunan and his assignees, the assignment was good against the city and county. We find no fraud either charged or found in this case. The court finds that the assignment to McAllister and Bergin was made in good faith and for a valuable consideration, and the finding is sustained by the evidence.

There was no privity between Berry and the plaintiff herein which would give the plaintiff any property in the bond executed by Berry and his sureties to Nunan to indemnify him against Berry's defaults, or any interest in the moneys recovered on the judgment. There was no relation existing between Nunan and the plaintiff which would subrogate plaintiff to the rights of Nunan in the bond given him by Berry or in the recovery on it. The plaintiff was protected against the defaults of Nunan by his official bonds, on which, if aggrieved, it had its remedy. We do not see that plaintiff occupies a position different from that of any creditor. This is a case of a contest between two creditors, in which that one prior in point of time is superior in right, and McAllister and Bergin hold the vantage-ground of priority in time and superiority in right.

The argument for plaintiff proceeds on the ground that Adams and Platshek hold the very moneys collected by Nunan through Berry for the city and county. In this there is a mistake. These moneys were appropriated by Berry. Damages arising out of this appropriation by Berry were recovered of his sureties as indemnity for the moneys so appropriated.

The principle on which this case is decided is illustrated in the case of *Cunningham* v. *Commonwealth F. & M. Ins. Co.*, 1 Bosw. 152, and *Herckenrath* v. *Mutual Ins. Co.*, 3 Barb. Ch. 63. The contract on which Nunan recovered is distinct and different from that which he made with the city and county, as evidenced by his official bonds.

We find no error in the case, and the judgment is affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.