[Civ. No. 2188.    First Appellate District.—October 11, 1917.]

EDWARD Q. McVITTY, Appellant, v. OBI FLENTGE, Respondent.

LEASE—UNLAWFUL DETAINER—CONSTRUCTION OF PROVISION AS TO SALE OF PREMISES DURING TERM.—A provision in a lease of farming lands that in case of a sale before the expiration of the lease the lessee, if the purchaser wanted immediate possession, should be paid for all summer-fallow at the going price per acre, is a reservation for the benefit of the lessor; it terminates the lease and gives a purchaser the right to possession immediately upon the transfer, without necessity for demand or for payment, unless the lessee has summer-fallowed during the year preceding the sale.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge.

The facts are stated in the opinion of the court.

C. F. Lacey, for Appellant.

Chas. R. Nelson, and Alex. Webster, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the defendant's favor after motion for nonsuit granted.

The action was for unlawful detainer. The defendant was in possession of the premises in question under a lease for the term of three years commencing November 1, 1915, at an annual cash rental of $110, payable yearly in advance. The plaintiff is the successor in interest of one Otto L. Harden, the lessor of the premises, having purchased the same from him, the conveyance thereof being delivered to said plaintiff on January 22, 1917. The lease under which the defendant claims the right to hold possession for the remainder of its term contains the following provision: ''If said land is sold before expiration of said lease the party of the second part to be paid for all summer-fallow at the going price per acre, providing purchaser wants possession immediately.'' The formal demand for possession on the part of plaintiff as grantee of the lessor was not made until April 6, 1917, and was then refused by the lessee, whereupon this action was begun.

Upon the trial it appeared by the pleadings and admissions of the parties that the land had not been summer-fallowed for the previous year. The sole question presented to the court upon the motion for nonsuit and to this court upon appeal is as to the proper construction to be placed upon the above-quoted clause in the defendant's lease, the latter contending that the demand for possession on the part of the purchaser not having been made immediately upon the consummation of his purchase of the leased premises, the lessee is entitled to hold for the remainder of the term. The interpretation which we place upon the above-quoted clause does not lead us to sustain this view.

The clause in the lease in question was intended by the parties to it to be a reservation in favor of, and for the benefit of, the lessor and is to be so interpreted. (Civ. Code, sec. 1069; *Diepenbrock* v. *Luiz*, 159 Cal. 716, [Ann. Cas. 1912C, 1084, L. R. A. 1915C, 234, 115 Pac. 743].) Thus interpreted it expressed briefly and somewhat vaguely, it is true, the evident intent of the parties that the owner of the premises should have the right to transfer to his grantee the right to the pos-

session thereof upon a sale, and thereby terminate the lease. The only limitation upon that right expressed in the clause conferring it had reference not to the time when the lease should be terminated, but merely to the terms upon which the grantee of the premises might exercise his right to receive possession. If the land had been summer-fallowed, and if the purchaser desired to obtain the benefit arising from such cultivation in the way of resultant crop, he must have offered to pay the lessee the amount expended by him in summer-fallowing the land, in order to obtain possession of the premises, so as to receive the benefit of the crop, and he must do this immediately upon consummation of his purchase. But in the case at bar there had been no summer-fallowing of the land for the previous year, and hence there was no sum which the purchaser was bound to tender or which the lessee was entitled to receive as a condition of surrendering possession of the premises; and therefore there was no necessity for an immediate demand and payment on the part of the purchaser in order to retain his right to such possession. The fact that there happened to be a volunteer crop upon the land is a false quantity in the case, for the reason that the lease contained no reservation of any right in the lessee by which he was to be paid for such crop, or was to have any right to possession of the premises for the purpose of harvesting the same. His lease was terminated upon the transfer; and the only right retained by him was the right of being paid for the cost of summer-fallowing the land in case he had made such outlay previous to the sale. In such event only was he entitled to an immediate demand for possession and to the repayment of the amount of his outlay. Otherwise the purchaser was entitled to the possession of the property upon his proper demand therefor whenever made. Such demand was made on April 6, 1917, and in respect to both form and time was such as to have entitled the plaintiff to possession of the premises. This being so, we are of the opinion that the defendant's motion for a new trial was improperly granted, and that the judgment in the defendant's favor based thereon must be reversed; and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 10, 1917, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing is denied. It is necessary to say, however, that in our opinion the decision of that court as to the effect of the reservation in the lease is not exactly correct. A sale of the land by the vendor would not, of necessity, terminate the lease. The purchaser would, upon such sale, have the option to terminate the lease, pay the cost of summer-fallowing at the going price, if any had been done, and take possession of the land, or of allowing the tenant to hold possession during the term of the lease. The phrase, "providing purchaser wants possession immediately," does not mean that the buyer must take possession forthwith after his purchase or not at all. The word "immediately," when it refers to something to be done after a preceding event, where the thing to be done involves further inquiry or the exercise of discretion or of an election, does not mean that the thing must be done instantly or without any appreciable lapse of time after the preceding event. In such cases it is almost universally construed to mean that the succeeding act must be done within a reasonable time after the preceding event. (*First Nat. Bank* v. *Haug,* 52 Iowa, 538, [3 N. W. 627]; *Cashau* v. *Northwestern Nat. Ins. Co.,* 5 Fed. Cas. 270, [5 Biss. 476]; *Fidelity etc. Co.* v. *Robertson,* 136 Ala. 379, 412, [34 South. 933].) The question, What is a reasonable time? would depend upon the circumstances existing at the time of the sale and following presently thereafter. The defendant in his answer alleged facts which, if true, would show that the option of the purchaser to take possession under the reservation was not exercised within a reasonable time after his purchase and which would have the effect of a waiver on his part, or create an estoppel which would defeat his right to possession at the time this action was begun. But he did not avail himself of this defense but saw fit to rest his case upon a motion for a nonsuit, upon the theory that the reservation in the lease required the purchaser to exercise his right to take possession without any delay whatever, and that by his delay in doing so from January 22d to April 6th, of the same year, the purchaser lost his right to take possession. Upon a new

trial the defendant will have the opportunity of proving, as alleged in his second defense, that the plaintiff, shortly before his purchase, notified the defendant that he would not interfere with the defendant's possession until November 1, 1917, and that relying upon said notice, defendant proceeded to cultivate a portion of the premises and to raise a crop thereon, which had partly matured at the time the defendant asserted his right to possession under the reservation. With this modification the defendant should have no difficulty in preserving such rights as he may have.