[Civ. No. 2970. First Appellate District, Division One.—November 24, 1919.]

EDWARD Q. McVITTY, Respondent, v. OBI FLENTGE, Appellant.

[1] LEASES—RIGHT OF PURCHASER TO DEMAND POSSESSION—REASONABLE EXERCISE OF OPTION.—In this action to recover possession of certain farming land held by defendant under a lease which provided, in effect, that if the land was sold before expiration of the lease, the purchaser should have the option to take possession within a reasonable time after his purchase, the property having been purchased by plaintiff during the latter part of January, a demand by him for possession made during the early part of April was, in view of the knowledge of defendant with reference to the purchase by plaintiff and the small amount of work done by defendant in preparation for the coming season, within a reasonable time.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Alex Webster and Chas. R. Nelson for Appellant.

C. F. Lacey for Respondent.

WASTE, P. J.—This is an appeal by the defendant from a judgment, in favor of plaintiff, for the possession of certain farming land, and for damages for the withholding thereof.

The defendant was in possession of the land in question under a lease from one Otto L. Harden, for the term of three years, commencing November 1, 1915. On November 1, 1916, he paid Harden $110, the rent for the year next ensuing after that date. The lease contained this provision: "If said land is sold before expiration of said lease the party of the second part to be paid for all summer-fallow at going price per acre, provided purchaser wants possession immediately." Harden sold, and conveyed the land to plaintiff by deed, executed and delivered January 22, 1917. Plaintiff, relying on his grantor to place him in possession

of the land, personally made no demand on the defendant to vacate the property until April 6, 1917, when he served a written notice requiring defendant to deliver possession within three days, under penalty of suit brought for possession and damages. Defendant refused to deliver and plaintiff instituted this action. On the trial it was developed that the land had not been summer-fallowed the previous year; consequently, there was no sum to which the lessee was entitled. Notwithstanding this fact, the defendant rested his case upon a motion for a nonsuit on the ground that the reservation in the lease, above quoted, required the plaintiff to exercise his right to take possession without any delay, and that by his waiting from January 22d to April 6th, he lost this right. The motion for nonsuit was granted, and plaintiff appealed from the judgment entered thereon.

On the appeal this court reversed the judgment, holding that the clause in the lease was intended by the parties to it to be a reservation in favor of, and for the benefit of, the lessor, and was to be so interpreted; and, consequently, as there had been no summer-fallowing of the land for the previous year, defendant's lease was terminated upon the transfer of the land by the lessor to plaintiff, who was entitled to the possession of the property, upon his proper demand, whenever made. (*McVitty* v. *Flentge,* 34 Cal. App. 781, [169 Pac. 666].) The supreme court denied a petition for a rehearing, and, in doing so, held that the phrase, "providing purchaser wants possession immediately," does not mean that the buyer must take possession forthwith after his purchase, or not at all, but that such act must be done within a reasonable time after the preceding event. That court said further (at page 784 of the report, *supra,* [169 Pac. 667]): "The question, What is a reasonable time? would depend upon the circumstances existing at the time of the sale and following presently thereafter. The defendant in his answer alleged facts which, if true, would show that the option of the purchaser to take possession under the reservation was not exercised within a reasonable time after his purchase and which would have the effect of a waiver on his part, or create an estoppel which would defeat his right to possession at the time this action was begun."

[1] The defendant thereupon filed a second amended answer, setting forth more fully the matters referred to in the opinion of the supreme court, denying the petition for a rehearing. At the trial he resisted the claim of plaintiff, upon the ground that no demand for possession was served on him within a reasonable time after the sale, but he was permitted to perform work and labor upon the property, under the belief that he was to retain possession of the premises. The trial court found that notice was given to defendant within a reasonable time, and from the judgment entered in favor of the plaintiff, defendant appeals.

The sole question presented for consideration is whether or not appellant received any notice or demand for possession of the leased premises within a reasonable time after the sale was made.

As one of his defenses, defendant alleged that on or about the 1st of December, 1916, preceding the sale of the ranch, plaintiff told him, defendant, that he was about to purchase the property, and that the defendant would not be disturbed in his possession until November 1, 1917; that, relying on said notice and promise, he disked and seeded ten acres of the ranch, raked and burned the stubble on a portion, and allowed 110 acres to go a volunteer crop, which crop, he alleged, was worth one thousand dollars. The court found, and there is no evidence to the contrary, that no such notice or promise was ever made. The conversation, on which the alleged promise was based, was had by defendant with one of plaintiff's foremen, employed on an adjoining ranch, who had no orders, or authority, to act for plaintiff in the matter. Consequently, defendant did not substantiate the facts which the supreme court said "if true, would show that the option of the purchaser . . . was not exercised within a reasonable time."

Plaintiff at all times after the sale was urging Harden to secure the possession of the ranch. He demanded that Harden notify defendant of the sale and return the money received as rent for 1917. Three weeks after the deed passed Harden wrote to Fernando Flentge, brother of defendant, who had on one occasion paid the rent of the place for defendant. He lived with and appears to have been acting at all times with the knowledge of and consent of the defendant. In this letter Harden said that he had been

waiting to see if his deal with plaintiff "was going through," and that he would return the "rent money right away out of the first payment," adding: "Then you can do business with McVitty, as I will turn the lease over to him." Fernando replied, declining to accept a return of the rent paid, stating he would "deal with McVitty next year, if he buys the place, but he has nothing to do with this year's crop." On March 14th Harden sent defendant a check for the $110, which defendant returned.

While the defendant on the stand denied any knowledge of the correspondence between his brother, Fernando, and Harden, the testimony of his brother was sufficient to warrant the trial court in believing to the contrary.

Defendant knew in December, 1916, that the ranch was sold, or was about to be sold, to plaintiff. It is equally certain that he knew in February, and in March, 1917, that McVitty was the owner of the place. The work he performed in preparation for the 1917 season amounted to only $25. Harden returned the rent money to him, which he declined to keep, for the reason, as he testified, that he "supposed the crop [he] put in was worth more than $110. I didn't think he [Harden] was paying me enough. . . . I thought I should be paid for my work on the place." Defendant remained in possession of the place and received the benefit of the 1917 crop, which the court found to be worth one thousand dollars, and the crop for 1918 worth $180.

Under all the showing made we are of the opinion that the trial court was correct in its finding that the allegations of the complaint are true and that the notice was served on the defendant by the plaintiff within a reasonable time.

Appellant contends that the notice served on defendant on April 6, 1917, was insufficient in form. When the case was here on the former appeal this court held that the demand, in respect to both form and time, was such as to have entitled plaintiff to possession of the premises. (*McVitty v. Flentge, supra.*)

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1920.

All the Justices concurred.